1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7      SA MUSIC LLC, et al.,                    Case Nos.  20-cv-02146-WHO (JSC)
                                                           20-cv-02794-EMC (JSC)
8                    Plaintiffs,                            20-cv-02965-JSW (JSC)

9             v.
                                                **ORDER RE: CONFIDENTIALITY**
10     APPLE, INC, et al.,                       **DESIGNATION DISPUTE**

11                   Defendants.                Re: Dkt. Nos. 78, 79

12           Now pending before the Court is a discovery dispute regarding Apple's designation of a

13    take-down notice and certain deposition testimony as confidential pursuant to the Protective

14    Orders governing these related cases.  (Dkt. Nos. 78, 79.)[1]

15           The Protective Orders provide a process for challenging a party's confidentiality

16    designations.  (*Adasam*, No. 20-cv-02146-WHO, Dkt. No. 43 ¶ 6; *Pickwick*, 20-cv-02794-EMC,

17    Dkt. No. 52 ¶ 6; *Genepool*, 20-cv-02965-JSW, Dkt. No. 44 ¶ 6.)  The parties' joint letter does not

18    comply with that process and the parties offer no explanation for their failure to do so.  Further,

19    Apple's response is unsupported by a declaration.  The Court cannot treat attorney argument as

20    evidence and thus Apple cannot meet its burden without a declaration.  For example, when a

21    document is filed under seal as having been designated as confidential by a party, the designating

22    party must submit a declaration attesting to facts that show that the document is indeed

23    confidential.  *See* N.D. Cal. Civ. L.R. 79-5(d).  Finally, the parties' letter brief refers to an Exhibit

24    2 with highlighted deposition testimony.  The letter briefs in *Adasam* do not have an Exhibit 2 and

25    the attached deposition testimony is not highlighted.  (No. 20-cv-02146-WHO, Dkt. Nos. 78, 79.)

26    The same is true for *Pickwick*.  (No. 20-cv-02794-EMC, Dkt. Nos. 81, 82.)  *Genepool* inexplicably

27    _____

28    [1] *Adasam*, No. 20-cv-02146-WHO, Dkt. Nos. 78, 79; *Pickwick*, 20-cv-02794-EMC, Dkt. Nos. 81, 82; *Genepool*, No. 20-cv-02965-JSW, Dkt. Nos. 71, 72, 73, 74, 75.

United States District Court
Northern District of California

1  has several versions of the same letter brief, (No. 20-cv-02965, Dkt. Nos. 71, 72, 73, 74, 75), but

2  only one has Exhibit 2 with the highlighted deposition transcript, (Dkt. No. 75).  For all of these

3  reasons the Court concludes that the confidentiality dispute is not properly presented for decision.

4        If the parties wish to properly brief this issue before the Court, they must do so on or

5  before August 18, 2021.  Another way to proceed is pursuant to Civil Local Rule 79-5 in

6  connection with Plaintiffs' summary judgment filings.  If Plaintiffs wish to file a document which

7  Apple has designated as confidential, then they can follow the procedures set forth in Rule 79-5.

8  Apple will then have the burden of proving that those documents should be sealed from public

9  view.  N.D. Cal. Civ. L.R. 79-5(e).

10        The administrative motion to file provisionally under seal is GRANTED given that the

11  Court is not adjudicating the merits of the confidentiality designations.

12        This Order disposes of Docket Nos. 78, 79 in *Adasam*, No. 20-cv-02146-WHO; Docket

13  Nos. 81, 82 in *Pickwick*, No. 20-cv-02794-EMC; and Docket Nos. 74, 75 in *Genepool*, No. 20-cv-

14  02965-JSW.

15        **IT IS SO ORDERED.**

16  Dated: August 11, 2021

17

18  _____

19  JACQUELINE SCOTT CORLEY
    United States Magistrate Judge

United States District Court
Northern District of California