UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SA MUSIC LLC, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>APPLE, INC, et al.,<br><br>          Defendants. | Case Nos. 20-cv-02146-WHO (JSC)<br>          20-cv-02794-EMC (JSC)<br>          20-cv-02965-JSW (JSC)<br><br>**ORDER RE: APEX DEPOSITION DISPUTE**<br><br>Re: Dkt. No. 83 |

Apple moves for a protective order barring the deposition of Eddie Cue, Apple's Senior Vice-President of Internet and Software Services. (Dkt. No. 83.)[1] After considering the parties' written submission and attached exhibits, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and rules as set forth below.

21 days before the close of fact discovery Plaintiffs served a deposition notice on Apple to depose Mr. Cue. Plaintiffs contend that he has personal knowledge regarding Apple's affirmative defense that it obtained valid Section 115 licenses for the compositions at issue as Mr. Cue is identified on the Notice of Intent as "the person responsible for the management of the Licensee." (Dkt. No. 83-5.) Mr. Cue also signed the contracts with the relevant contract providers and the letters terminating them from iTunes after these actions were filed. (Dkt. No. 83-6.) Plaintiffs contend that they noticed the deposition of Mr. Cue shortly after Apple produced the termination letters.

Apple first argues that the deposition should be quashed because the deposition notice was served 21 days before the close of fact discovery and this Court's standing order requires that they

---

[1] *Adasam*, No. 20-cv-02146-WHO, Dkt. No. 83; *Pickwick*, 20-cv-02794-EMC, Dkt. No. 86; *Genepool*, No. 20-cv-02965-JSW, Dkt. No. 77.

1  be served 30 days before the close.  True.  But, as Plaintiffs explain, Apple did not produce the
2  letters terminating the contracts with the distributors at issue until June of this year.  While
3  Plaintiffs were aware that Mr. Cue signed the contracts earlier in the litigation, Apple does not
4  dispute that Plaintiffs were not made aware of his involvement in the termination until shortly
5  before the close of fact discovery.

6  Apple next contends that Mr. Cue is an apex witness who does *not* have knowledge of the
7  contract, terminations or licenses despite his name being on the documents.  Apple, however,
8  submits no evidence in support of its bald assertion: it is merely unsupported attorney argument in
9  a letter brief.  Thus, it has not met its burden of showing that Mr. Cue does not have personal
10 knowledge.

11 That being said, it would be pointless to allow the deposition of Mr. Cue to proceed if he is
12 going to assert that he has no knowledge of any of the issues on which Plaintiffs seek to depose
13 him.  Accordingly, Apple shall produce a witness with knowledge of (1) the termination letters,
14 and (2) the emails/documents produced by Apple after the close of fact discovery as discussed by
15 Plaintiffs in the discovery letter.  Plaintiffs may not question the witness regarding documents
16 produced prior to June 2021 as Plaintiffs had the opportunity to timely notice a deposition
17 regarding those documents but chose not to do so.

18 This Order disposes of Docket No. 83 in *Adasam*, No. 20-cv-02146-WHO; Docket No. 86
19 in *Pickwick*, 20-cv-02794-EMC; and Docket No. 77 in *Genepool*, No. 20-cv-02965-JSW.

20 **IT IS SO ORDERED.**

21 Dated: August 11, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge