SCOTT A. EDELMAN, (SBN 116927)
　sedelman@gibsondunn.com
ILISSA SAMPLIN, (SBN 314018)
　isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East
Suite 4000
Los Angeles, CA  90067-3026
Telephone:  310.552.8500
Facsimile:  310.551.8741

GABRIELLE LEVIN (*pro hac vice*)
　glevin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SA MUSIC, LLC, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>APPLE INC., et al.,<br><br>　　　　　Defendants. | CASE NO. 3:20-cv-02146-WHO<br>CASE NO. 3:20-cv-02794-WHO<br>CASE NO. 3:20-cv-02965-WHO<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND *DAUBERT* MOTION TO EXCLUDE EXPERT REPORTS OF LISA ALTER AND ROBERT KOHN**<br><br>**Hearing:**<br>Date: January 26, 2022<br>Time: 2:00 p.m.<br>Judge:  Hon. William H. Orrick |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that on January 26, 2022 at 2:00 p.m. before the Honorable William H. Orrick, in Courtroom 2 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Apple Inc. will and hereby does move this Court to exclude the testimony of two of Plaintiffs' experts, Lisa Alter and Robert Kohn, offered in support of Plaintiffs' Partial Motion for Summary Judgment, on the grounds that their reports and opinions constitute inadmissible legal conclusions under Federal Rule of Evidence 702(a) as well as *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), and related authorities.

This motion is based on this Notice and Motion, the accompanying Memorandum of Points and Authorities, all accompanying declarations and exhibits, other documents on file in this or related actions, oral argument of counsel, witness testimony, and any other matters of which the Court may take judicial notice.

Dated: December 22, 2021

GIBSON, DUNN & CRUTCHER LLP

By:  /s/ *Scott Edelman*
Scott Edelman

Attorneys for APPLE INC.

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND ................................................................................................................. 2

    A.    Plaintiffs Rely On The Alter Report To Mask Factual Deficiencies In Their Chain Of Title Evidence .............................................................................................. 2

    B.    Plaintiffs Rely On The Kohn Report To Offer Legal Conclusions About Willfulness That Are Not Supported By The Factual Records ................................... 5

III. LEGAL STANDARD ......................................................................................................... 6

IV. ARGUMENT ...................................................................................................................... 7

    A.    Alter's Opinions Should Be Excluded In Their Entirety Because They Are Impermissible Legal Conclusions ................................................................................ 7

    B.    Portions Of The Kohn Report Should Be Excluded Because They Are Comprised Of Impermissible Legal Conclusions ......................................................... 9

V. CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*AFMS LLC v. United Parcel Serv. Co.*,
  2014 WL 12515335 (C.D. Cal. Feb. 5, 2014) ................................................................................ 9

*B2A, LLC v. Commlog, LLC*,
  2011 WL 5569496 (D. Colo. Nov. 16, 2011) ................................................................................ 7

*Baldwin v. EMI Feist Catalog, Inc.*,
  989 F. Supp. 2d 344 (S.D.N.Y. 2013) ............................................................................................ 8

*Bombardier Recreational Prods. Inc. v. Arctic Cat Inc.*,
  2017 WL 758335 (D. Minn. Feb. 24, 2017) ................................................................................ 10

*Daubert v. Merrell Dow Pharms., Inc.*,
  43 F.3d 1311 (1995) ....................................................................................................................... 7

*Gable v. Nat'l Broad. Co.*,
  727 F. Supp. 2d 815 (C.D. Cal. 2010) ............................................................................................ 7

*Glaukos Corp. v. Ivantis, Inc.*,
  2020 WL 10501851 (C.D. Cal. July 23, 2020) ....................................................................... 10, 11

*Hangarter v. Provident Life & Acc. Ins. Co.*,
  373 F.3d 998 (9th Cir. 2004) .......................................................................................................... 7

*Interplan Architects, Inc. v. C.L. Thomas, Inc.*,
  2010 WL 4065465 (S.D. Tex. Oct. 9, 2010) ............................................................................. 7, 9

*Jim Marshall Photography, LLC v. John Varvatos of Cal.*,
  2013 WL 3339048 (N.D. Cal. June 28, 2013) ............................................................................... 7

*Kaneka Corp. v. Zhejiang Med. Co.*,
  2017 WL 10591760 (C.D. Cal. Feb. 22, 2017) .............................................................................. 9

*Latele Prods., Inc. v. TV Azteca*,
  2021 WL 811594 (S.D. Fla. Feb. 5, 2021) ..................................................................................... 8

*Lust By & Through Lust v. Merrell Dow Pharms., Inc.*,
  89 F.3d 594 (9th Cir. 1996) ............................................................................................................ 7

*Maljack Prods., Inc. v. Goodtimes Home Video Corp.*,
  1994 WL 706866 (C.D. Cal. Apr. 26, 1994) .................................................................................. 7

*Motta v. Samuel Weiser, Inc.*,
  768 F.2d 481 (1st Cir. 1985) .......................................................................................................... 7

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Nationwide Transp. Fin. v. Cass Info Sys., Inc.*,
   523 F.3d 1051 (9th Cir. 2008)......................................................................................................6

*Pinal Creek Grp. v. Newmont Mining Corp.*,
   352 F. Supp. 2d 1037 (D. Ariz. 2005)..........................................................................................7

*Sound View Innovations, LLC v. Hulu, LLC*,
   2019 WL 4640393 (C.D. Cal. Aug. 5, 2019).........................................................................10, 11

*Stern v. Lavender*,
   319 F. Supp. 3d 650 (S.D.N.Y. 2018)..........................................................................................8

*WBIP, LLC v. Kohler Co.*,
   829 F.3d 1317 (Fed. Cir. 2016)..................................................................................................10

*Youngevity Int'l, Inc. v. Smith*,
   2018 WL 893810 (S.D. Cal. Feb. 13, 2018)...............................................................................10

**OTHER AUTHORITIES**

Federal Rule of Evidence 702 ...........................................................................................................6

3 Nimmer, *The Law of Copyright*, § 13.01[A] (1984) .....................................................................7

# I. INTRODUCTION

Plaintiffs seek partial summary judgment as to Apple's alleged willful infringement of their purported copyrights in 101 musical compositions. To prevail on their motion, Plaintiffs must demonstrate that no genuine issues of material fact exist as to (i) whether they own valid copyrights in the compositions, and (ii) whether Apple had actual knowledge of, or was willfully blind to, the alleged infringement. Plaintiffs face evidentiary problems on both scores: *first*, the factual records raise genuine issues of material fact about whether Plaintiffs can prove they own the copyrights at issue through the requisite unbroken and undisputed chain of title, *see* Apple's Opp. to Pls.' Mot. for Partial Summ. J.; *second*, the records *confirm* that Apple's alleged infringement was anything *but* willful, *see* Dkt. 109 (Apple's Mot. for Partial Summ. J.).[1] In an attempt to circumvent these problems, Plaintiffs disclosed—and rely on as the foundation for their partial summary judgment motion—the purported expert opinions of Lisa Alter and Robert Kohn, which are comprised of impermissible *legal conclusions* about copyright ownership and willfulness. Alter and Kohn's legal opinions are inadmissible and must be excluded from the summary judgment record and trial.

Numerous courts have held that opinions about copyright ownership and willfulness are legal matters that are not the proper subject of expert testimony. Here, Alter admitted under oath that her opinions about copyright ownership reflect "the application of the facts to the law" and that she "applied the facts to the law" in reaching them. Ex. 1 at 48:7–13, 49:9–50:1.[2] And portions of Kohn's report opining on Apple's alleged willfulness (highlighted in Exhibit 2) state the ultimate legal conclusion Plaintiffs wish the Court or jury will reach: that Apple "showed a willful blindness to the [alleged] infringements and reckless disregard of Plaintiff[s'] copyrights." Ex. 2 at 37. Not surprisingly, courts have excluded opinions from *both* Alter and Kohn in other copyright cases, finding that they were improperly offering legal conclusions, as they do here.

The rules of evidence are clear that Plaintiffs cannot simply pay expert witnesses for legal opinions in an effort to fix the factual problems with their claims. The Court should strike Alter's

---

[1] All "Dkt." citations are to the docket in *SA Music LLC et al v. Apple Inc. et al*, Case No. 3:20-cv-02965-WHO.

[2] All "Ex." citations and "Exhibit" references are to the Declaration of Scott Edelman filed in support of this Motion, unless otherwise stated.

report in its entirety from the summary judgment record and preclude her from testifying at trial altogether. The Court should also strike those portions of Kohn's report reflecting legal opinions, *see* Ex. 2, and preclude him from offering those opinions at trial.

## II. BACKGROUND

Plaintiffs are the purported partial owners of copyrights in musical compositions by Harold Arlen, Ray Henderson, and Harry Warren (the "Subject Compositions"). Plaintiffs allege Apple willfully infringed their copyrights by offering for sale in the iTunes Store "pirated" sound recordings and promotional streams that allegedly embody those compositions. The Subject Compositions were supplied to Apple by digital distributors who are Apple's co-defendants in these cases: Adasam and Adasam Limited, the Pickwick defendants, and Genepool Distribution Limited and Ideal Music Limited (collectively, the "Content Providers").

On September 3, 2021, Plaintiffs disclosed the reports of Lisa Alter and Robert Kohn. Apple deposed Alter on November 5, 2021, and Kohn on November 10, 2021. On November 23, 2021, the parties filed cross-motions for partial summary judgment. Pertinent here, Plaintiffs seek partial summary judgment as to their purported ownership interests in the Subject Compositions and Apple's alleged willful infringement. Plaintiffs principally rely on the Alter report as the basis for their alleged ownership interests in the compositions, *see* Pls.' Mot. for Partial Summ. J. at 10–11, and attach the report to their opening partial summary judgment brief, *see* Dkt. 113-1. Plaintiffs rely on Kohn's deposition testimony to support their baseless assertions of willful infringement, Pls.' Mot. for Partial Summ. J. at 51, and also attach his report to their opening partial summary judgment brief, *see* Dkt. 112-1.

**A.     Plaintiffs Rely On The Alter Report To Mask Factual Deficiencies In Their Chain Of Title Evidence**

Throughout these cases, Plaintiffs have struggled to demonstrate the unbroken chain of title required to support their claim of ownership in the Subject Compositions. The documents they produced relevant to chain of title do not establish an unbroken and/or undisputed chain of title from the original owners to Plaintiffs for the vast majority of the Subject Compositions. *See* Apple's Opp. to Pls.' Mot. for Partial Summ. J, Dkt. 113-1. And *none* of Plaintiffs' Rule 30(b)(6) representatives

were able to explain the gaps in chain of title—nor could Plaintiff Four Jays Music Company dispute that its asserted ownership interests in compositions authored by Harry Warren are being contested in ongoing state court litigation. *See id.* To address the lack of chain of title knowledge of their Rule 30(b)(6) witnesses, Plaintiffs first attempted to submit deposition errata to re-write their witnesses' "I don't know" responses to detailed, narrative responses about chain of title. Ex. 3. After seeing an initial draft of Apple's motion to strike the errata, Plaintiffs withdrew the majority of the errata and Magistrate Judge Corley subsequently granted Apple's motion to strike the remainder. *See* Dkt. 82–82-2 (Apple's Motion to Strike Improper Deposition Errata); Dkt. 85 (order granting Apple's motion in full).

Plaintiffs thereafter attempted to address their chain of title problems by hiring a copyright attorney, Lisa Alter, to opine that Plaintiffs own valid copyrights in the Subject Compositions—based on (i) a summary of the applicable law; (ii) an evidently cursory review of three spreadsheets *drafted by Plaintiffs' counsel* that purport to *summarize* the relevant chain of title information for each composition ("Chain of Title Reports"), and (iii) the application of law to the counsel-selected information in Plaintiffs' Chain of Title Reports. *See generally* Exs. 4–7 (Alter Report and Chain of Title Reports attached thereto). The first half of Alter's report is a primer on copyright law. It begins by summarizing the statutory provisions and legal standards relevant to analyzing whether Plaintiffs own valid copyrights in the Subject Compositions. *See* Ex. 4 at 3 (setting forth Section 106 of the Copyright Act); *id.* at 4 (summarizing the Copyright Act's provisions governing the process for registering copyrights under the 1909 Act, renewing them, and publishing them); *id.* at 4–5 (explaining the process by which ownership in the renewal term of copyrights vests); *id.* at 5–8 (describing the statutory provisions governing the rights of authors and their heirs to terminate prior copyright transfers, including their legislative history). Alter described this half of her report as legal summary during her deposition, and readily admitted that much of it was lifted from her prior writings. Ex. 1 at 81:22–82:2. In fact, most of Alter's legal summary in her report can be found on her law firm's website *verbatim. See* Ex. 8.

Alter's report and testimony further make clear that she never reviewed the vast majority of the documents Plaintiffs contend support their ownership interests in the Subject Compositions—but rather

only the Chain of Title Reports drafted by Plaintiffs' counsel, ostensibly derived from a selection of documents from Plaintiffs' productions. *See* Ex. 4 at 2; Ex. 1 at 13:14–21 (testifying that she only reviewed a handful of assignments). The Chain of Title Reports do not identify every relevant document Plaintiffs produced concerning chain of title, nor do they even attempt to describe each document in any detail at all. *See* Exs. 5–7. For example, the Warren Chain of Title Report upon which Alter relied neglects to reference assignments of numerous Subject Compositions from Harry Warren to Shapiro Bernstein Inc.—which, as described in Apple's opposition to Plaintiffs' partial summary judgment motion, create material issues of fact with respect to Plaintiff Four Jays' ownership interests in those compositions. *Compare* Ex. 7 *with* Apple's Opp. to Pls.' Mot. for Partial Summ. J. at 21–22. Nor does the Warren Chain of Title Report explain that certain 1996 Assignments of the Warren compositions at issue are the subject of ongoing state court litigation. *See id* at 18.[3] Alter nonetheless *assumed* all information in the Chain of Title Reports to be true (including the validity of all assignments) and relied exclusively on those reports in forming her ultimate opinions. *See* Ex. 4 at 8–12 (identifying the assumptions made with respect to each chain of title spreadsheet, including that the information in them is accurate, and noting they were "provided by plaintiff's counsel" and "have not been subject to independent review"); *see also id.* at 2 (explaining that she "assumed that the information contained in each of the [Chain of Title Reports] is true and accurate, including the information relating to the copyright filings"); Ex. 1 at 55:12–15, 56:13–57:20.

Based on the information from Plaintiffs' counsel included in the Chain of Title Reports, and her "analysis of applicable law," Alter then provides her legal opinion that Plaintiffs own valid copyrights in all the Subject Compositions. Ex. 4 at 12. Specifically, she concludes that (i) the Subject Compositions were registered for copyright and timely renewed; (ii) rights in the compositions were conveyed to one or more third-party music publishers for the initial and/or renewal term of the copyright; and (iii) those rights were then transferred to Plaintiffs through assignment or the exercise of a statutory right to reclaim the copyrights as previously conveyed to publishers. *Id.* at 8–12.

---

[3] Apple's chain of title analysis in its opposition to Plaintiffs' partial summary judgment motion demonstrates that additional documents relevant to chain of title were not accounted for in Plaintiffs' Chain of Title Reports upon which Alter relied. *See* Apple's Opp. to Pls.' Mot. for Partial Summ. J. at 4–25.

It is not credible that such conclusive "expert" opinions about copyright ownership could be rendered without a thorough review of the underlying registrations, renewals, assignments, and termination notices. Further problematic is the fact that Alter's report says *nothing* about gaps in the chain of title reflected in the very Chain of Title Reports she analyzed. The gaps in chain of title for the compositions authored by Harold Arlen, for example (as addressed in Apple's opposition to Plaintiffs' partial summary judgment motion) are evident from the Arlen Chain of Title Report on which Alter relied. *Compare* Apple's Opp. to Pls.' Mot. for Summ. J. to Pls.' Mot. for Partial Summ. J. at 16–18 (identifying gaps in the chain of title for 15 Arlen Compositions), *with* Ex. 5 (copy of Arlen Chain of Title Report with those 15 compositions highlighted, revealing the very same gaps). And although Alter accepted as true Plaintiffs' erroneous assertions in their Henderson Chain of Title Report that rights in Henderson Compositions were assigned to Ray Henderson Music Co. Inc., Alter admitted during her deposition that the document Plaintiffs contend reflects that "assignment" does not. Ex. 1 at 88:16–89:4.

Despite these glaring problems with her analysis and approach, Alter nonetheless opines that Plaintiffs own the Subject Compositions. This impermissible (and unsupported) legal conclusion provides the missing support for Plaintiffs' conclusion that they are the "undisputed owners" of the Subject Compositions and Plaintiffs' assertion that Alter's report establishes "Plaintiffs' prima facie ownership of these works," Pls.' Mot. for Partial Summ. J. at 10–11—both of which form the basis for Plaintiffs' request for summary judgment on the issue of ownership.

**B.     Plaintiffs Rely On The Kohn Report To Offer Legal Conclusions About Willfulness That Are Not Supported By The Factual Records**

Kohn is a co-founder of EMusic.com, a music service provider that began selling downloadable files of sound recordings in 1998, and was sold in 2001. Ex. 2 at 5–6. He was asked to opine on the following:

- The ways in which musical works may be distributed by means of digital audio transmissions, including digital phonorecord deliveries, and important music industry terms of art customarily used in connection with such transmissions;

- The kinds of music licenses required by Apple to operate its digital music services, including mechanical reproduction licenses;

- Music industry customs and practices in procuring mechanical reproduction licenses required to operate such services, including related terms of art;

- Whether the policies and practices followed by Apple to procure the required reproduction licenses conformed to industry practices; and

- Apple's policies relating to the prevention of copyright infringement.

*Id.* at 8.

Despite it not being part of his purported assignment, Kohn offers *numerous* opinions about whether Apple's alleged infringement was willful. Kohn (erroneously) opines, for example, that Apple could not "reasonably rely on pass-through or existing negotiated mechanical licenses" that Apple received from the Content Providers. *Id.* at 37. He also opines that Apple failed to "reasonably respond" to takedown notices asserting that the "recordings were unlawfully provided to Apple." *Id.* at 37–38. And he further opines that Apple failed to "employ technical and management capability to prevent the unauthorized release or withhold the streaming of Plaintiff's unlicensed works." *Id.* at 38. These opinions are offered in support of Kohn's ultimate legal conclusion that Apple's conduct was willful as a matter of law. *Id.* at 37–39. Kohn does not identify in his report what, if any, iTunes Store-specific materials he reviewed in forming these opinions and testified that he generally became aware of information related to willfulness from counsel. *See, e.g.*, *id.* at 12, 20, 22, 26; Ex. 9 at 88:9–89:2, 248:18–24, 249:6–12, 266:15–16. Plaintiffs rely on Kohn's testimony in their partial summary judgment motion for the blanket proposition that Apple's actions "def[y] common sense," and that this is a "very clear cut" case of willful infringement. Pls.' Mot. for Partial Summ. J. at 36, 49–52 (citing Kohn Depo Tr. (Ex. 9) at 217:18-218:01, 223:10-225:02, 257:20-21, 271:8-10).

### III. LEGAL STANDARD

Federal Rule of Evidence 702 provides that "an expert . . . may testify in the form of an opinion" if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. It is well established that under Rule 702(a), "an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law." *Nationwide Transp. Fin. v. Cass Info Sys., Inc.*, 523 F.3d 1051,

1058 (9th Cir. 2008) (quoting *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004)). Expert opinions may also not "state legal conclusions drawn by applying the law to the facts." *Gable v. Nat'l Broad. Co.*, 727 F. Supp. 2d 815, 835 (C.D. Cal. 2010); *see also Pinal Creek Grp. v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1042 (D. Ariz. 2005) ("The principle that legal opinion evidence concerning the law is inadmissible is inadmissible is so well-established that it is often deemed a basic premise or assumption of evidence law—a kind of axiomatic principle." (citation omitted)). The "proponent of the expert" carries "the burden of proving admissibility" of the expert testimony. *Lust By & Through Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996); *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1319 n.11 (1995).

## IV. ARGUMENT

### A. Alter's Opinions Should Be Excluded In Their Entirety Because They Are Impermissible Legal Conclusions

Alter's proffered expert opinions should be excluded in their entirety because they pertain only to whether Plaintiffs own valid copyrights in the Subject Compositions. Those are *legal issues* about which no expert can properly opine because "[a] determination of ownership [of a copyright] is a *conclusion of law* based on underlying facts." *Motta v. Samuel Weiser, Inc.*, 768 F.2d 481, 484 (1st Cir. 1985) (emphasis added) (citing 3 Nimmer, *The Law of Copyright*, § 13.01[A] (1984)); *see also Maljack Prods., Inc. v. Goodtimes Home Video Corp.*, 1994 WL 706866, at *2 n.5 (C.D. Cal. Apr. 26, 1994) ("Copyright ownership is a matter of law . . . ."), *affirmed and remanded* 81 F.3d 881 (9th Cir. 1996); *Jim Marshall Photography, LLC v. John Varvatos of Cal.*, 2013 WL 3339048, at *6 (N.D. Cal. June 28, 2013) (same).

Courts routinely find expert testimony concerning ownership and validity of copyrights to constitute inadmissible legal conclusions. In *B2A, LLC v. Commlog, LLC*, the district court held that an expert witness's conclusions that the plaintiff's copyrights were "valid" were "ultimate conclusions regarding an essential element of [the p]laintiff's copyright infringement claim" and excluded the testimony for trial. 2011 WL 5569496, at *2 (D. Colo. Nov. 16, 2011). And in *Interplan Architects, Inc. v. C.L. Thomas, Inc.*, the court similarly excluded an expert witness's opinions regarding copyright ownership as improper legal opinions. 2010 WL 4065465, at *8–10 (S.D. Tex. Oct. 9, 2010); *see also*

*Latele Prods., Inc. v. TV Azteca*, 2021 WL 811594, at *14 (S.D. Fla. Feb. 5, 2021) (referring to testimony by witness that he had determined the plaintiff owned the copyrights as legal conclusion), *report and recommendation adopted sub nom. La Tele Prods., Inc. v. TV Azteca*, 2021 WL 810263 (S.D. Fla. Mar. 3, 2021); *Stern v. Lavender*, 319 F. Supp. 3d 650, 676–77 (S.D.N.Y. 2018) (noting that statement on copyright ownership represented a legal conclusion).

Indeed, at least one court has previously excluded Alter's testimony on these grounds. In *Baldwin v. EMI Feist Catalog, Inc.*, Alter's expert affidavit reviewed the applicable copyright law, interpreted the law, and then reached a legal conclusion as to ownership of the copyright. 989 F. Supp. 2d 344, 351 (S.D.N.Y. 2013), *rev'd and remanded on other grounds*, 805 F.3d 18 (2d Cir. 2015). Because Alter's "testimony [wa]s calculated to invade the province of the court to determine the applicable law and to instruct the jury as to that law," the court struck the affidavit from the summary judgment record. *Id.* at 351–52. The Court further found that Alter's affidavit was "inadmissible as a matter of law whether presented to the jury or to the Court because it d[id] nothing other than express legal conclusions." *Id.* at 351–52.

The legal and improper nature of Alter's opinions in these cases is no different than that in *Baldwin* or any of the other cases above. In her report, Alter simply applies the legal standards for copyright ownership and validity to counsel's summaries of select documents in the cases pertaining to chain of title (i.e., the Chain of Title Reports, Exs. 5–7). Alter did not independently verify the accuracy of the information. *See* Ex. 4 at 9 n.38. She reviewed only a handful of assignments referenced in the Chain of Title Reports. Ex. 1 at 46:10–20. Nor did Alter address the gaps in chain of title that are evident from the reports themselves. *Compare* Ex. 4 at 8–12, *with* Apple's Opp. to Pls.' Mot. for Summ. J. at 4–25. Yet Alter concludes that Plaintiffs have met their burden of proving the first element of their copyright infringement claims, i.e., ownership of valid copyrights in the works at issue.

Alter *admitted* numerous times in her deposition that her opinions reflect the application of facts to law. Ex. 1 at 48:7–19 (testifying that her opinions "are based on the facts and the situation with the law as the background, but it's *the application of the facts to the law*") (emphasis added); 49:16–18 ("I have applied the facts to the law"); 49:25–50:1 (same); 51:16–17 (same); 52:22–23 (same). And

Plaintiffs' partial summary judgment motion also makes clear that Alter's Report comprises legal conclusions. *See* Pls.' Mot. for Partial Summ. J. at 10–11 ("The Declaration and Report of Plaintiffs' expert witness Lisa Alter provides a detailed review of the chain of title for each composition . . . . Accordingly, Plaintiffs' prima facie ownership of these works in suit has been established."). Alter's testimony is inadmissible and should be excluded. *See Interplan Architects*, 2010 WL 4065465, at *9 (granting motion to exclude where purported expert "impermissibly uses the legal standards and *applies them to the facts* of the case in order to make legal conclusions") (emphasis added).

Plaintiffs cannot use a legal expert to paper over the reality that their chain of title evidence is marred by gaps and disputes that raise triable issues of fact as to their ownership interests in the Subject Compositions—and that their Rule 30(b)(6) representatives did not have any knowledge about chain of title to fill those gaps. Apple's Opp. to Pls.' Mot. for Partial Summ. J. at 12–13, 15, 20. On summary judgment, it is for the Court—not an expert—to determine which legal standards govern Plaintiffs' ownership of valid copyrights, to apply those standards to the facts in the records, and to decide whether Plaintiffs are entitled to summary judgment on ownership. At trial, it is likewise for the jury—not an expert—to decide whether Plaintiffs have proven that they own valid copyrights in the Subject Compositions. In seeking to make those decisions through her report and proposed testimony for trial, Alter impermissibly usurps the role of the Court and the jury. *See Kaneka Corp. v. Zhejiang Med. Co.*, 2017 WL 10591760, at *14 (C.D. Cal. Feb. 22, 2017); *AFMS LLC v. United Parcel Serv. Co.*, 2014 WL 12515335, at *8 (C.D. Cal. Feb. 5, 2014) ("[Applying the law to the facts of the case] is unhelpful to the jury and invades the role of the Court to instruct the factfinder on the applicable law."). Alter's report should be stricken from the record, her opinions should not be considered on summary judgment, and she should not be permitted to testify at trial.

**B.  Portions Of The Kohn Report Should Be Excluded Because They Are Comprised Of Impermissible Legal Conclusions**

Kohn's opinions that Apple's alleged infringement was willful also should be excluded as impermissible legal conclusions. Kohn's assignment in these cases was to "help supplement the record with music industry customs and practices concerning the licensing of musical works . . . by online music service providers." Ex. 2 at 8. Kohn went far beyond that assignment, concluding numerous

times that Apple's conduct in operating the iTunes Store constitutes willful infringement. These legal conclusions, which are highlighted in the copy of Kohn's report attached as Exhibit 2, are inadmissible and should be excluded from the summary judgment record and trial.[4]

"Generally, willful infringement is a question for the jury, and several courts have found expert testimony on the ultimate issue of willfulness inappropriate." *Bombardier Recreational Prods. Inc. v. Arctic Cat Inc.*, 2017 WL 758335, at *4 (D. Minn. Feb. 24, 2017); *see also Sound View Innovations, LLC v. Hulu, LLC*, 2019 WL 4640393, at *6 (C.D. Cal. Aug. 5, 2019) (noting the question of "whether [a d]efendant had the requisite intent to establish willful infringement, [] is a 'classical question' for the jury." (quoting *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016))). In *Sound View Innovations*, the district court held that an expert witness's opinions were appropriate "to the extent that they address[ed] the technical information available to [the d]efendant," but inappropriate to the extent they embraced the "ultimate question, e.g., that 'Hulu *willfully* infringes.'" 2019 WL 4640393, at *6 (emphasis added). The latter testimony was inadmissible because a defendant's "alleged intent and knowledge . . . is a jury question." *Id.*; *see also Glaukos Corp. v. Ivantis, Inc.*, 2020 WL 10501851, at *13 (C.D. Cal. July 23, 2020) (holding that expert witness's opinions on willfulness were "conclusions regarding underlying evidence" that were questions for the jury).

Relatedly, at least one court has excluded Kohn for providing inadmissible legal conclusions analogous to those here. In *Levy v. Zimmerman*, Kohn applied his knowledge of copyright law to a contract in dispute to conclude that musical compositions were jointly authored. No. 650402/2021, slip op. at 5–6 (N.Y. Sup. Ct. July 30, 2021). In addition to finding his analysis "unpersuasive" because it "distort[ed] the plain language" of the contract, the court correctly held that it was "inadmissible to offer an opinion as to the legal rights and obligations of the parties," *id.* at *8.

---

[4] Kohn also summarizes aspects of copyright law relating to mechanical licensing. *See, e.g.*, Ex. 2 at 15–25. He further opines on, among other things, the ways in which musical works may be distributed, music industry customs and practices, and whether Apple's policies and practices conform to industry practice. *See id.* at 9–36. Because Plaintiffs do not rely on those portions of Kohn's report in their partial summary judgment motion, Apple does not move to exclude them at this time. Apple nonetheless reserves the right to move to exclude any of Kohn's opinions not addressed in this Motion at trial, including on the ground that Kohn lacks the requisite expertise to provide them, and that they are not the proper subject of expert testimony. *See Youngevity Int'l, Inc. v. Smith*, 2018 WL 893810, at *4 (S.D. Cal. Feb. 13, 2018) (limiting consideration of motions to exclude to the expert evidence on the pending summary judgment motions and noting the parties could later seek an evidentiary hearing to exclude further expert testimony to be presented at trial).

Here, the highlighted sections of the Kohn Report, *see* Ex. 2, and Kohn's deposition testimony cited in Plaintiffs' partial summary judgment motion likewise should be stricken as outside the province of expert testimony. These opinions—such as whether Apple could reasonably rely on the licenses it received from the Content Providers; whether Apple should have done more to vet the Content Providers; how Apple should have managed the technology used in operating the iTunes Store; and how Apple responded to takedown notices—are *all* part of Kohn's ultimate legal conclusion that Apple's alleged conduct was willful. *See* Ex. 2 at 37–39. So too is Kohn's deposition testimony on which Plaintiffs rely extensively throughout their partial summary judgment motion in support of their willfulness claims. *See* Pls.' Mot. for Partial Summ. J. at 36, 49–51 (relying on, among other things, Kohn's testimony that Apple was willfully blind and "reckless," and that Apple's willfulness was "clear cut"); *see also, e.g.*, Ex. 9 at 218:8–9 (opining that Apple is "guilty of willful infringement, no doubt. Slam dunk."), 232:1–8 ("I think that there was a lot of willful blindness here to the rights of the owners of the copyrights."), 234:20–235:1 ("I don't see any material difference in the lack of diligence and willful blindness that I found in other companies similar to what I'm seeing at Apple."), 293:17–23 ("[Apple's infringement] is willful blindness . . . ."), 294:11–14 ("As a matter of fact, I think by suggesting that Apple sat back and said, oh, we'll just rely on our warranties and representation, is clear evidence of willful blindness."). As the case law makes clear, willfulness is not a question to be decided by an expert. It is a "classical question" for this Court on summary judgment, or the jury at trial, *Hulu, LLC*, 2019 WL 4640393, at *6, and Kohn's testimony about Apple's alleged willfulness is inadmissible.

Plaintiffs cannot rely on Kohn's report to rectify the fatal flaws with their position that Apple's alleged infringement was willful. Only the Court can apply the law to reach a conclusion about Apple's intent. Kohn's legal opinions about willfulness should be stricken from the summary judgment record and he should not be permitted to offer those legal conclusions at trial.

## V. CONCLUSION

The Court should strike Alter's report from the summary judgment record and preclude her from testifying at trial altogether. The Court should likewise strike from the summary judgment record

the sections of Kohn's report identified in Exhibit 2 and preclude Kohn from offering those opinions at trial.

Dated: December 22, 2021

                              GIBSON, DUNN & CRUTCHER LLP

                              By:  /s/ *Scott Edelman*
                                    Scott Edelman

                              Attorneys for APPLE INC.