SCOTT A. EDELMAN, SBN 116927
sedelman@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East
Suite 4000
Los Angeles, CA 90067-3026
Telephone: 310.552.8500
Facsimile: 310.551.8741

GABRIELLE LEVIN, *pro hac vice*
glevin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SA MUSIC, LLC, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>APPLE INC., et al.,<br><br>  Defendants. | CASE NO. 3:20-cv-02146-WHO (*Adasam*)<br>CASE NO. 3:20-cv-02794-WHO (*Pickwick*)<br>CASE NO. 3:20-cv-02965-WHO (*Genepool*)<br><br>**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS *DAUBERT* MOTION TO EXCLUDE EXPERT REPORTS OF LISA ALTER AND ROBERT KOHN**<br><br>**Hearing:**<br>Date:    January 26, 2022<br>Time:   2:00 p.m.<br>Judge:  Hon. William H. Orrick |

# I. INTRODUCTION

Plaintiffs' opposition *concedes* that Lisa Alter and Robert Kohn seek to offer legal conclusions about copyright ownership and willfulness. Because those legal conclusions are inadmissible under hornbook evidence law, Apple's motion to exclude them should be granted in full.

*Alter.* Unable to dispute that Alter's opinions are entirely comprised of legal conclusions, Plaintiffs try to persuade the Court that such legal opinions are admissible on summary judgment and can be rephrased into admissible expert opinion at trial. Both arguments fail.

In this Circuit, only admissible evidence may be considered on summary judgment—and Alter's legal conclusions about copyright ownership are inadmissible because they invade the province of the Court. Plaintiffs contend that Alter's legal opinions should be considered on summary judgment because there is no risk of jury prejudice, but lack of jury prejudice does not render inadmissible legal conclusions admissible.

Equally flawed is Plaintiffs' assertion that Alter's impermissible legal opinions "can easily be rephrased in admissible form" at trial. Plaintiffs propose rephrasing legal conclusions about copyright ownership into *factual* opinions about Plaintiffs' chain-of-title evidence. Specifically, Plaintiffs request that the Court permit Alter to opine at trial that copyrights in the Subject Compositions were renewed or transferred, as opposed to opining that they were *timely* renewed or *validly* transferred. But these factual opinions, like Alter's legal ones, are inadmissible for two key reasons. *First*, an expert cannot offer at trial opinions she did not disclose in her report, and Alter *expressly disclaimed* in her report *any* factual opinions about Plaintiffs' chain-of-title evidence. Alter accepted as true *summaries* of chain-of-title evidence drafted by Plaintiffs' counsel to form her legal opinions about Plaintiffs' ownership interests in the Subject Compositions. She cannot offer at trial factual opinions about that evidence which she never formed during expert discovery. *Second*, Plaintiffs' proposed rephrasing amounts to having Alter merely summarize the record evidence, which is not the proper role of an expert—and another improper attempt by Plaintiffs to use an expert to fill the gaps in the documentary record. Plaintiffs' proposed late-stage revisions to Alter's testimony do not render them admissible at trial.

*Kohn.* Unable to dispute that Kohn's legal conclusions are inadmissible, Plaintiffs resort to

Gibson, Dunn & Crutcher LLP

1
DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS *DAUBERT* MOTION TO EXCLUDE EXPERT REPORTS OF LISA ALTER AND ROBERT KOHN

arguments that are non-responsive to Apple's Motion.  Plaintiffs argue expert testimony regarding willfulness is admissible, while "testimony on the 'ultimate question' of willfulness is inadmissible." Dkt. 141[1] (Pls.' Opp'n) 10.  But the opinions of Kohn that Apple seeks to exclude—highlighted in Exhibit 2 to Apple's Motion and cited in Plaintiffs' partial summary judgment brief—reflect testimony that goes to the ultimate question of willfulness.  Plaintiffs do not attempt to argue otherwise.  And Plaintiffs' arguments that Kohn's opinions are based on reliable data are likewise unavailing because Apple's Motion does not seek exclusion of Kohn's testimony on that ground.

The opinions of Alter and Kohn at issue on this Motion are inadmissible.  The Court should grant Apple's Motion, strike these opinions from the summary judgment record, and preclude Alter and Kohn from offering them at trial.

## II.  ARGUMENT

### A.  All Of Alter's Opinions Are Inadmissible Legal Conclusions That Should Be Excluded

Plaintiffs do not dispute that Alter's opinions about Plaintiffs' asserted ownership interests in the Subject Compositions are legal conclusions.  *See generally* Pls.' Opp'n.  Plaintiffs also do not dispute that Alter's legal opinions about copyright ownership are fundamentally the same as those *numerous* courts have excluded.  *Compare* Dkt. 131 (Apple Mot.) 7–8 (citing cases excluding expert witness opinions about copyright ownership as improper legal opinions), *with* Pls.' Opp'n (nowhere distinguishing those cases).  Plaintiffs further make no attempt to distinguish *Baldwin v. EMI Feist Catalog, Inc.*—where a court excluded Alter's expert testimony about copyright ownership, finding it "inadmissible as a matter of law whether presented to the jury or to the Court" because its sole purpose was to "express legal conclusions." 989 F. Supp. 2d 344, 352 (S.D.N.Y. 2013), *rev'd and remanded on other grounds*, 805 F.3d 18 (2d Cir. 2015).  And Plaintiffs do not dispute that Alter admitted *numerous* times during deposition in these cases that her opinions are based on "the application of the facts to the law."  Apple Mot. 8.  Plaintiffs thus *concede* that Alter's opinions about copyright ownership are legal opinions.  Apple's motion to exclude Alter's opinions from summary judgment *and* trial should be granted on this basis alone.

---

[1]  All docket citations are to the *Adasam* case, No. 20-cv-2146.

**1.    Alter's Opinions Should Be Stricken From The Summary Judgment Record**

Plaintiffs do not dispute that Alter's report is comprised entirely of legal opinions; yet they assert that these legal opinions are nonetheless admissible on summary judgment. Plaintiffs are wrong.

Plaintiffs contend the Court may consider Alter's legal opinions on summary judgment because (i) there is no risk of Alter's "special imprimatur" as an expert prejudicing a jury, and (ii) there is no risk of Alter "intruding upon the province of the court to decide the law for the jury." Pls.' Opp'n 6–7. The Court's role on summary judgment is to *independently* apply the law to the evidence to determine whether a triable issue of fact exists. *See Lee v. ING Groep, N.V.*, 829 F.3d 1158, 1160 (9th Cir. 2016). Alter's legal opinion that Plaintiffs have demonstrated an ownership interest in the Subject Compositions—based on her self-described "application of the facts" provided by Plaintiffs' counsel and her knowledge of copyright law—invade this role reserved exclusively for the Court. *See* Apple Mot. 7–8 (collecting cases). That there is no "jury" risk at the summary judgment phase does not change this fact. Plaintiffs' arguments about a lack of jury prejudice do not make Alter's improper legal opinions admissible on summary judgment.

Plaintiffs also argue that the Court may consider Alter's report on summary judgment, even if it is likely to be deemed inadmissible at trial, "as long as a colorable argument exists that Alter's report is helpful to the Court in deciding whether there are any genuine issues of material fact." Pls.' Opp'n 7. Circuit precedent says otherwise: "[a] trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002); *see also* Fed. R. Civ. P. 56(c)(4). If an expert report is inadmissible, it may not be considered at the summary judgment stage. *Estate of Pilgrim v. Gen. Motors LLC*, 2021 WL 5917584, at *1 (9th Cir. Dec. 15, 2021) (affirming summary judgment where court declined to consider inadmissible expert reports). Plaintiffs' concession that Alter's report offers "[i]mpermissible [l]egal [c]onclusions" (and is thus inadmissible), Pls.' Opp'n 9, requires the Court to strike it from the summary judgment record.

Plaintiffs alternatively argue that the Court should consider Alter's legal opinions on summary judgment because, with some rephrasing, they can be transformed into admissible opinions at trial. Plaintiffs cite no Circuit authority for this proposition, and, in any event, Plaintiffs' proposed rephrasing of Alter's testimony does not render it admissible at trial, as explained below. *See infra* at 4–7.

### 2. Alter's Inadmissible Legal Opinions Cannot Be Rephrased Into Admissible Expert Opinions At Trial

Plaintiffs do not dispute that Alter's *legal* opinions are inadmissible at trial. Plaintiffs instead argue that these impermissible legal opinions "can easily be rephrased in admissible form" at trial by limiting Alter to describing the chain-of-title evidence in the record to the jury. Pls.' Opp'n 9. Plaintiffs contend, for example, that Alter's opinion that "renewal applications were *timely* filed" for the Subject Compositions could be rephrased at trial to state that "renewal applications were filed" within a certain time frame. *Id.* (emphasis added). Plaintiffs likewise claim that Alter's opinion that notices of termination for Subject Compositions were "*validly* served . . . in accordance with Section 304(c) of the [Copyright] Act" can be rephrased to state that "[n]otices of termination were served by [the composers'] statutory heirs." *Id.* (emphasis added). Plaintiffs' proposed rephrasing of Alter's opinions does not render them admissible at trial for two key reasons.

#### a. Alter Disclaimed Forming The Opinions Plaintiffs Now Seek To Have Her Offer At Trial

*First*, an expert can only offer at trial opinions disclosed in her report. *See* Fed. R. Civ. P. 26(a)(2)(B); *Mfg. Automation & Software Sys., Inc. v. Hughes*, 2019 WL 266970, at *7 (C.D. Cal. Jan. 15, 2019) ("the expert disclosures filed pursuant to Rule 26 govern the opinions and testimonies that the experts in this case will offer"); *United States v. S. California Edison*, 2005 WL 8176350, at *3–4 (E.D. Cal. May 25, 2005) (granting motion to exclude expert opinions not disclosed).

Here, Alter's report exclusively offers *legal* opinions about copyright ownership in the Subject Compositions and *disclaims* factual opinions about any chain-of-title evidence. Alter *assumed* that renewal applications and termination notices concerning Subject Compositions were filed and served, in accordance with the information provided in spreadsheets *drafted by Plaintiffs' counsel* ("Chain of Title Reports"). *See* Apple Mot. Ex. 4 at 8–12 (identifying these and other assumptions made with respect to each Chain of Title Report, including that the information in them is accurate); *see also id.* Ex. 4 at 2 (Alter explaining she "assumed that the information contained in each of the [Chain of Title Reports] is true and accurate, including the information relating to the copyright filings"); *id.* Ex. 1 at 54:16–20; 55:12–15, 57:13–20 (testifying that although she "did some spot checking" of the Chain of

Gibson, Dunn & Crutcher LLP

4
DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS *DAUBERT* MOTION TO EXCLUDE EXPERT REPORTS OF LISA ALTER AND ROBERT KOHN

Title Reports "in the U.S. Copyright Office online database," she expresses no opinion about the materials she reviewed in conducting that "spot checking"). Based on Alter's factual assumptions about the truth and accuracy of Plaintiffs' Chain of Title Reports, Alter opined—as a *legal* matter—that renewal applications were *timely* filed, and termination notices *validly* served.

Alter expressly *disavowed* any opinion about whether—as a *factual* matter—renewal applications were filed, or termination notices served, because she never independently sought to verify the accuracy of those purported facts. Apple Mot. Ex. 4 at 2; *id.* Ex. 1 at 55:12–15. Simply put, Alter accepted as true Plaintiffs' factual summaries of the chain-of-title evidence and applied her knowledge of copyright law to those facts to reach a legal conclusion about Plaintiffs' alleged copyright ownership in the Subject Compositions. *Id.* Ex. 1 at 48:7–19; 49:16–18; 49:25–50:1; 51:16–17; 52:22–23.

Yet now, faced with a *Daubert* motion, Plaintiffs seek to have Alter opine at trial on factual matters about which she previously disclaimed any knowledge or opinion. Because Alter never offered any opinions in her report about whether copyright registrations in the Subject Compositions were filed, renewed, terminated, or transferred, *see* Apple Mot. Ex. 4, she cannot provide such opinions at trial. *See* Fed. R. Civ. P. 26(a)(2)(B); *Mfg. Automation & Software Sys. Inc.*, 2019 WL 266970, at *7.

The court's opinion in *FedEx Ground Package System v. Applications International Corp.* is instructive. 695 F. Supp. 2d 216 (W.D. Pa. 2010). There, the defendant's expert opined that certain copyright registrations were valid. *Id.* at 219. The court correctly deemed this opinion an impermissible legal conclusion, and further held it inadmissible as based on "assumed facts" the expert "could have and should have independently verified." *Id.* at 224. Alter's admission that all her opinions in these cases are based on "assumed" facts, Apple Mot. Ex. 4 at 2, similarly should preclude her from testifying about those facts at trial.

Plaintiffs' citation to *Home Design Services. Inc. v. Trumble* in support of their argument that Alter can testify about opinions "that embrace the issue of fact" of ownership is inapposite: Alter never provided such factual opinions in these cases to begin with. 2011 WL 1638910, at *3 (D. Colo. Apr. 29, 2011); Pls.' Opp'n 8–9. *Home Design* also is inapposite because the admitted expert testimony concerned whether an architectural plan had "uniqueness, unusualness, or functionality" to aid the jury in determining whether the plan was sufficiently original to be entitled to copyright. 2011 WL

5
DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS *DAUBERT* MOTION TO EXCLUDE EXPERT REPORTS OF LISA ALTER AND ROBERT KOHN

Gibson, Dunn & Crutcher LLP

1638910, at *3. The originality of Plaintiffs' Subject Compositions here, by contrast, are not in dispute, nor is the validity of the underlying copyright registrations.

Plaintiffs' plea to have Alter rephrase her testimony at trial to focus on what the factual evidence in the record says about chain of title—when she never reviewed the vast majority of that evidence, disclaimed having verified it, and disclaimed having any opinion about it—should be rejected.

### b. Alter's Proposed Rephrased Opinions Are Independently Inadmissible

*Second*, even if Alter had reviewed all chain-of-title documents produced in these cases and formed the opinions about them that Plaintiffs now seek to have her offer, Alter's rephrased factual testimony still would be inadmissible. It is hornbook evidence law that expert testimony that "merely summarizes the record evidence and gratuitously interprets it" is improper. *Lord Abbett Mun. Income Fund, Inc. v. Asami*, 2014 WL 3417941, at *13 n.8 (N.D. Cal. July 11, 2014), *aff'd*, 653 F. App'x 553 (9th Cir. 2016) (disregarding expert opinions interpreting "transaction documents" because they simply summarized documents in the record and therefore were not grounded in sufficient expertise); *see also Exeltis USA Inc. v. First Databank, Inc.*, 2020 WL 7025089, at *5 (N.D. Cal. Nov. 30, 2020) (expert's testimony "may not serve as a compendium" of "background information"). Like an expert's legal conclusions, an expert's "summar[y] [of] evidence already in the record without the application of . . . expertise" "invade[s] the province of the jury." *Siqueiros v. Gen. Motors LLC*, 2022 WL 74182, at *10 (N.D. Cal. Jan. 7, 2022).

Here, Plaintiffs seek to rephrase Alter's testimony at trial to describe factual events reflected in their chain-of-title evidence. *See* Pls.' Opp'n 9; *supra* at 4–6. But Alter disclaimed having formed any such factual opinions in the first place. *See* Apple Mot. Ex. 4 at 2, 8–12; *id.* Ex. 1 at 54:16–20; 55:12–15, 57:13–20. And Plaintiffs' proposal that Alter merely summarize documentary evidence in the record does not reflect the requisite "scientific, technical, or other specialized knowledge" to qualify as proper expert opinion under Federal Rule of Evidence 702 in any event. The *jury* must interpret the gaps in Plaintiffs' chain-of-title evidence and assess the related ownership disputes to determine whether Plaintiffs have proven any ownership interest in the Subject Compositions; having Alter summarize chain-of-title documents, even without legal conclusions, invades that role reserved for the

jury. *See Siqueiros*, 2022 WL 74182, at *9–10.[2]

In short, Plaintiffs concede that Alter's legal opinions are inadmissible at trial, and they cannot be rephrased into admissible opinions now. Alter's report should be stricken from the summary judgment record in its entirety and she should be precluded from testifying at trial.

**B.   Kohn's Willfulness Opinions Are Inadmissible Legal Conclusions That Should Be Excluded**

Plaintiffs do not dispute that opinions on the ultimate issue of willfulness in a copyright infringement suit are inadmissible. *See* Pls.' Opp'n 10 ("courts have held that testimony on the 'ultimate question' of willfulness is inadmissible"). Those are the precise opinions offered by Kohn that Apple seeks to exclude. Apple Mot. Ex. 2 (highlighting Kohn's legal conclusions on willfulness that Apple seeks to exclude); *see also* Dkt. 111-1 (Pls.' Mot. for Partial Summ. J.) 36, 49–52 (relying on Kohn's legal conclusions about willfulness that Apple seeks to exclude in support of their argument for summary judgment on the issue of willfulness). Apple's cited cases establish that these opinions cover questions reserved for the Court to resolve on summary judgment, or the jury at trial, *see* Apple Mot. 9–10, and Plaintiffs fail to rebut any of these authorities. Kohn's legal opinions should be stricken from the record and he should be precluded from testifying about them at trial.

Plaintiffs' opposition arguments are irrelevant to the grounds on which Apple seeks to exclude Kohn's legal testimony. Plaintiffs first argue that expert testimony regarding willfulness is admissible, while "testimony on the 'ultimate question' of willfulness is inadmissible." Pls.' Opp'n 10. But Plaintiffs do not explain how Kohn's specific opinions that Apple seeks to exclude (i.e., the opinions highlighted in Exhibit 2 to Apple's Motion and those in Kohn's deposition testimony cited in Plaintiffs' partial summary judgment brief) are opinions about anything other than the ultimate question of willfulness in these cases. Nor could they. Kohn opined, for example, that Apple could not "reasonably rely on pass-through or existing negotiated mechanical licenses" that it received from the content

---

[2] Plaintiffs want Alter to describe the documents referenced in the Chain of Title Reports at trial because their chain-of-title evidence is marred by gaps and ownership disputes that their Rule 30(b)(6) representatives were unable to address. Dkt. 109 (Apple Opp'n to Pls.' Mot. for Partial Summ. J.) 12–13, 15, 20, 25; Apple Mot. 9. Plaintiffs cannot rely on an expert to fill holes in the factual record. *See id*.

Gibson, Dunn & Crutcher LLP

7
DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS *DAUBERT* MOTION TO EXCLUDE EXPERT REPORTS OF LISA ALTER AND ROBERT KOHN

providers in these cases, that such reliance was "reckless," and that Apple knew "recordings were unlawfully provided" by the content providers. Apple Mot. Ex. 2 at 26–27, 34, 37. These plainly are opinions about the ultimate question of willfulness in these cases, which the parties have briefed extensively. *See, e.g.*, Dkt. 109 (Apple Mot. for Partial Summ. J. 21–24); Dkt. 133 (Apple Opp'n to Pls.' Mot. for Partial Summ. J.) 41–51; Dkt. 146 (Apple Reply ISO Mot. for Partial Summ. J.) 6–18. So too are Kohn's conclusions that Apple "failed to implement policies to avoid infringement" and that "Apple's procedures for vetting the legitimacy of the content it released in the iTunes Store" were "reckless," along with all of Kohn's conclusions in the final Section of his report titled "Apple's Conduct Is Willful." Apple Mot. Ex. 2 at 35–39; Apple Mot. for Partial Summ. J. 19–30; Apple Opp'n to Pls.' Mot. for Partial Summ. J. 39–60; Apple Reply ISO Mot. Partial Summ. J. 6–24. Consequently, Kohn cannot offer these legal conclusions on summary judgment or at trial.

For the same reasons, Plaintiffs' cases supporting a distinction between admissible testimony regarding willfulness and inadmissible testimony on the "ultimate question" of willfulness, Pls.' Opp'n 10–11, do not undermine Apple's Motion. In *Pavo Solutions LLC v. Kingston Technology Co.*, the court held admissible "portions" of the expert's testimony that "draw[] upon [the expert]'s technical infringement analysis," while excluding "[t]he portions of [the expert]'s testimony . . . that provide conclusions as to the alleged degree of willfulness." 2019 WL 8138163, at *13 (C.D. Cal. Nov. 20, 2019). In *Sound View Innovations, LLC v. Hulu, LLC*—a case Apple also cited in its opening brief—the court likewise held that expert "opinions are appropriate to the extent that they address the technical information available to Defendant" but inappropriate to the extent they embraced the "ultimate question, e.g., that 'Hulu willfully infringes.'" 2019 WL 4640393, at *6 (C.D. Cal. Aug. 5, 2019). And in *Dentsply Sirona Inc. v. Edge Endo, LLC*, the court made clear that the expert could not testify at trial about infringement issues "that are the province of the jury." 2020 WL 6392764, at *6 (D.N.M. Nov. 2, 2020). Plaintiffs cite these cases and then summarily state that "Kohn's opinion would provide significant assistance to the jury in understanding the information and technology available to [Apple]." Pls.' Opp'n 10–11. But Apple has not sought to exclude any opinions in Kohn's report that can be characterized as "technical information" of the type permitted in these cases. The *only* opinions Apple has sought to exclude on this Motion are those that go to the ultimate question of willfulness, *see supra*

Gibson, Dunn & Crutcher LLP

8
DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS *DAUBERT* MOTION TO EXCLUDE EXPERT REPORTS OF LISA ALTER AND ROBERT KOHN

at 7–8— opinions that do not "provide significant assistance to the jury" but rather usurp the jury's role at trial.[3]

Plaintiffs spend the rest of their opposition arguing that Kohn's opinions are based on sufficient facts and data, and that he is permitted to testify about custom and practice in the music industry. Pls.' Opp'n 11–12. Again, Apple's Motion does not seek to exclude Kohn's testimony on those grounds, so those arguments are entirely irrelevant here. In any event, Plaintiffs' argument that Kohn's testimony about willfulness is based on sufficient facts and data is belied by the record. Plaintiffs assert, for instance, that Kohn has "specific knowledge of Apple's relevant business practices" as the result of the *Blagman* copyright infringement case filed against Apple in 2012—citing Kohn's testimony that he was familiar with *Blagman* "prior to being retained in th[ese] case[s]" because the plaintiff in *Blagman* also sued EMusic, Kohn's former company. *Id.* at 12. But Kohn stopped working for EMusic in *2001*—more than a decade before the *Blagman* lawsuit was filed. *See* Dkt. 111-18 (Pls. Mot. for Partial Summ. J.) Ex. 71 at 51:16–21. The notion that Kohn has specific, prior knowledge of Apple's business practices from the *Blagman* case is not credible and, in any event, cannot render Kohn's legal conclusions about willfulness admissible.

In sum, Plaintiffs agree that Kohn's legal conclusions about the ultimate question of willfulness are inadmissible. And Plaintiffs have failed to rebut that the opinions Apple seeks to exclude on this Motion reflect such legal conclusions. Kohn's legal opinions about willfulness, identified in Exhibit 2 to Apple's Motion (and cited in Plaintiffs' partial summary judgment motion), therefore should be stricken from the record, and Kohn should be precluded from offering the opinions at trial.

### III. CONCLUSION

The Court should grant Apple's Motion, strike from the summary judgment record the opinions of Lisa Alter and those of Robert Kohn identified in the Motion, and preclude Alter and Kohn from offering the opinions at trial.

---

[3] To be sure, Apple does not concede that any opinions in Kohn's report—including opinions Apple does not seek to exclude on this Motion—would assist the jury or are otherwise admissible. As Apple explained in its opening brief, it reserves the right to move to exclude at trial any of Kohn's opinions not addressed in this Motion. Apple Mot. 10 n.4.

Dated: January 18, 2022

GIBSON, DUNN & CRUTCHER LLP


By: /s/ *Scott A. Edelman*
     Scott A. Edelman

Attorneys for APPLE INC.

10
DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS *DAUBERT* MOTION TO EXCLUDE EXPERT REPORTS OF LISA ALTER AND ROBERT KOHN

Gibson, Dunn & Crutcher LLP