UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SA MUSIC LLC, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLE, INC, et al.,<br><br>    Defendants. | Case No. 3:20-cv-02146-WHO<br>Re: Dkt. Nos. 176, 182<br><br>Case No. 3:20-cv-02794-WHO<br>Re: Dkt. Nos. 176, 182<br><br>Case No. 3:20-cv-02965-WHO<br>Re: Dkt. Nos. 161, 167<br><br>**ORDER ON (1) MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION, (2) MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL, AND (3) CONSOLIDATION FOR TRIAL** |

I recently ruled on the parties' motions for partial summary judgment in these related copyright suits. As relevant here, I granted defendant Apple, Inc.'s ("Apple") motion for summary judgment that its alleged infringement was not willful and denied the plaintiffs' motion for summary judgment that it was. The plaintiffs move for leave to file a motion for reconsideration of the willfulness determination and about my determination that they had not demonstrated ownership as a matter of law of several of the subject compositions. In the alternative, they move to certify the willfulness determination for appeal. Both motions are DENIED. And, with the cases moving forward in this court as is, I will CONSOLIDATE them for trial.[1]

I.   **MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**

The plaintiffs move for leave to file a motion to reconsider several aspects of the Prior Order. In particular, they challenge the determination on willfulness and the ownership of seven

---

[1] This Order assumes familiarity with my Order on Motions for Summary Judgment and *Daubert* Motions ("Prior Order") [Dkt. No. 173]. All citations are to the docket in case 20-cv-2146.

1  of the recordings at issue.

2  Civil Local Rule 7-9 governs motions for reconsideration of interlocutory orders prior to "the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case." Civ. L. R. 7-9(a). Under that rule, "any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9(b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." *Id.* Under Rule 7-9(b),

> The moving party must specifically show reasonable diligence in bringing the motion and one of the following: (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) The emergence of new material facts or a change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

*Id.* 7-9(b).

Even if a motion for leave to file a motion to reconsider does not satisfy Rule 7-9, district courts have the inherent authority to modify interlocutory orders prior to entry of final judgment. *Amarel v. Connell*, 102 F.3d 1494 (9th Cir. 1996), *as amended* (Jan. 15, 1997). But generally, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law" and any other circumstances warranting reconsideration would be "highly unusual." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

**A. Willfulness**

The plaintiffs first argue that the determination about willfulness in the Prior Order should be reconsidered due to failure to consider (1) "facts properly" and (2) legal arguments. *See* Motion for Leave to File a Motion to Reconsider ("Recon. Mot.") [Dkt. No. 182] 3–20.

**i.    Issues of Fact**

Most of the plaintiffs' factual argument is improper for a motion of this sort; it is an

2

attempt to relitigate the summary judgment dispute due to disagreement with my analysis and outcome. Although the plaintiffs attempt to frame their argument as a "failure to consider" evidence, all of the things they point to are things the Prior Order did consider. To take one example, the plaintiffs argue that the plaintiffs submitted takedown notices and that "[t]he Court failed to properly consider that evidence." *Id.* 3. But the Prior Order did *consider* that evidence. *See* Prior Order 13–16. The plaintiffs just disagree with the *analysis*—perhaps that is why they couch their language as a failure to "properly" consider—which is an improper use of a motion like this. *See* Civ. L.R. 7-9(b). Indeed, most of the plaintiffs' argument is the same in substance of what I considered and rejected at summary judgment, which is also improper. *See* Civ. L.R. 7-9(c) ("No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions.").

For the same reasons, I reject the plaintiffs' argument that the "chains of title are not complicated," that the "size of the iTunes Store is not relevant," that the compositions here are "iconic and well-known," and that holding otherwise resolved factual inferences in Apple's favor. Recon. Mot. 12–13. The Prior Order adequately addressed those issues. Prior Order 10 (discussing chains of title and the size of the store), 16 (discussing argument about well-known works).[2]

Nor did I grant summary judgment based on the plaintiffs' failure to produce information that Apple shielded with privilege objections. *See* Recon Mot. 5 (so arguing). In essence, the plaintiffs argue that Apple shielded whether the rates of takedown notices were abnormal and I faulted the plaintiffs for not producing that evidence. *Id.* A fair reading of the Prior Order shows otherwise. The only privileged information I discussed was Apple employees' *discussions with*

---

[2] The plaintiffs appear to argue, as I understand it, that when I described "compositions" at various places rather than "recordings," it made a difference to the substantive analysis. Recon. Mot. 6–7. As everyone agrees, the rights at issue here are to the compositions and they are embodied in sound recordings, which were the subject of the willfulness analysis. So I fail to see what the purported error is in the first place.

3

*legal counsel* about takedown notices; as I explained, "[m]y decision is not based on any interactions with Apple's counsel, nor do I grant it based on a lack of evidence that Apple is shielding behind a privilege." Prior Order 14 n.8. The plaintiffs need not have relied on those privileged communications to meet their burden to show genuine disputes of material fact. They attempt to show otherwise through citations of deposition testimony to which Apple objected, but every one of them was about *conversations* with legal counsel, not about raw numbers. *See* Recon. Mot. 4–5. The plaintiffs have not, for instance, pointed to an interrogatory requesting these numbers themselves that was objected to on privilege grounds. And, in all events, this issue was one aspect of one consideration among many about why the plaintiffs had not met their burden just on this specific matter. *See* Prior Order 13–15.

       The plaintiffs also take issue with the Prior Order's analysis of the "exclusive CPA list." Their point, though, is not material. The thrust of that portion of the Order was that the plaintiffs relied on the statistics from that function to show willfulness and I explained why that evidence did not defeat Apple's motion for summary judgment. *See* Prior Order 16–17. It is immaterial whether artists "link themselves" to distributors or whether Apple does so, *see* Recon Mot. 10 (objecting on this basis), for purposes of that analysis. The core point is the same: it does not transform Apple's reliance on contractual representations and its notice-and-takedown system into unreasonable reliance. *See* Prior Order 16–17. And although the plaintiffs object that the Prior Order "never mentioned or considered" the number of tracks hidden by the program, *see* Recon Mot. 11, that was precisely what it considered, *see* Prior Order 16–17.

       The Prior Order did, however, make one misstatement of fact that I will correct here. The Prior Order (correctly) explained why the fact that Apple did not institute more rigorous backgrounds checks on iTunes Store distributors did not negate summary judgment of non-willfulness. *See* Prior Order 12–13. In a concluding sentence, I wrote that "Apple was not willfully infringing merely because it did not exhaustively background check the hundreds of thousands of uploaders on its store." *Id.* The plaintiffs object to that figure because the real number was never placed into the summary-judgment record and is, they surmise, likely quite a bit lower. They are right; rough numbers about total number of iTunes Store accounts were placed

4

1   into the record, but the Prior Order should not have equated them with the number of accounts
2   authorized to upload. The substantive point of that analysis, however, remains unchanged. What
3   is relevant is not the precise number of accounts, it is the size of the store. That incorrect sentence
4   could, to make the same point, have read, "Apple was not willfully infringing merely because it
5   did not exhaustively background check the many accounts uploading hundreds of millions of
6   compositions per month to its store." In the version of the order I issue with redactions removed,
7   *see* Dkt. No. 190, I will exercise my discretion to modify the order to that limited extent.[3] *See City*
8   *of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001) ("[A]s
9   long as a district court has jurisdiction over the case, then it possesses the inherent procedural
10  power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be
11  sufficient.").

                **ii.**       **Issues of Law**

13  Most of the plaintiffs' legal grounds for reconsideration are, again, attempts to relitigate
14  what was already litigated. Contrary to the plaintiffs' arguments, *see* Recon. Mot. 13–19, the
15  Prior Order adequately explained that it faithfully applied, and did not conflict with, the Ninth
16  Circuit's decisions in *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723 (9th Cir. 2019), *Ventura*
17  *Content, Ltd. v. Motherless, Inc.*, 885 F.3d 597, 614 (9th Cir. 2018), and *Unicolors, Inc. v. Urban*
18  *Outfitters, Inc.*, 853 F.3d 980, 991 (9th Cir. 2017). There is no need to further address here why
19  those decisions do not compel a different conclusion.

20  Nor did the Prior Order heighten the willfulness standard by omitting reckless disregard, as
21  the plaintiffs argue. *See* Recon. Mot. 13–19. To the extent they read a few stray phrases to omit
22  recklessness as a sufficient *mens rea*, the Prior Order made clear that either knowledge, reckless
23  disregard, or willful blindness was sufficient to show willfulness. *See* Prior Order 7 (laying out
24  willfulness standard); *see also id.* 7–20 (applying that standard to the facts).

25  I also reject the plaintiffs' argument that "[m]ost critically, the Order conflicts with the
26  Ninth Circuit's decision in *Greg Young Publishing, Inc. v. Zazzle, Inc.*, 785 Fed. Appx. 417 (9th

---

[3] I will also modify the words "artists to link themselves," Prior Order 16, to "artists to be linked" in line with the discussion above about the CPA filter to avoid any confusion.

1  Cir. 2019)." Recon. Mot. 14. That case is consistent with the Prior Order. There, the Ninth
2  Circuit explained (citing *Unicolors*) that "[r]ecklessness can constitute willful infringement, and
3  can be established by an infringer's knowing reliance on obviously insufficient oversight
4  mechanisms." *Zazzle*, 785 F. App'x at 418. For the reasons explained in the Prior Order, Apple's
5  oversight mechanisms were not "obviously insufficient" and it did not "knowing[ly] rel[y]" on
6  them despite any such insufficiency. (In fact, those mechanisms contained a straightforward way
7  to challenge infringing content, a way the plaintiffs did not make use of.) Unlike in *Zazzle*, Apple
8  has not "relied on a user-certification process it knew produced false certifications," *id.*, and,
9  anyway, it put in place a system to prevent sales of unauthorized material (a system the plaintiffs
10 never used).

**B. Ownership**

The plaintiffs also challenge the Prior Order's analysis of ownership of seven of the copyrights. Recon. Mot. 20–21.

Their argument about six of the compositions[4] is that the purported previous owners have never disputed that the rights transferred to the plaintiffs (and, when it comes to three, that any such claim would be time-barred). But as the Prior Order explained, the silence of alleged previous owners is still not sufficient to show a transfer of ownership as a matter of law—the plaintiffs had to introduce *evidence* of ownership to meet their burden, not just the suggestion that parties not represented in the suit have not spoken up. *See* Prior Order 31.

On the seventh composition[5], I explained that "the plaintiffs do not point to any termination sent to Mills, they point to a termination notice sent to a company called Belwin Willis Publishing by Harold Arlen. *See* Dkt. No. 134-2 at 151–53. So there is no evidence that, if Mills had the rights to it, they were terminated." Prior Order 31. The plaintiffs now argue that they "did provide this evidence" and cite a declaration that Mills *merged* with Belwin to form

---

[4] *As Long As I Live*, *Kickin' The Gong Around*, *Minnie the Moocher's Weddin' Day*, *Happy As the Day is Long*, *Raisin' the Rent*, and *Stormy Weather*.

[5] *The Devil and the Deep Blue Sea*.

6

1    Belwin-Mills. *Id.* They did include in their exhibits a declaration that appears to support the
2    existence of that merger. But neither their motion nor their reply brief raised this as an argument.
3    At summary judgment, district courts do not "scour the record in search of" facts; we rely on
4    parties to "identify with reasonable particularity the evidence" in support of their positions.
5    *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (internal quotation marks and alteration
6    omitted). *Cf. United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like
7    pigs, hunting for truffles buried in [records]."). That is all the truer when it comes to the summary
8    judgment motions here, which generated thousands of pages of records about the complicated
9    chains of title to dozens of compositions. The plaintiffs' failure to raise this at the time also
10   deprived Apple of a fair opportunity to respond. They will have to present this evidence to the
11   jury at trial if Apple does not concede the point.
12   The motion for leave to file a motion to reconsider is DENIED.

## II.   MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL

The plaintiffs move to certify my order on summary judgment for interlocutory appeal. *See* Motion to Certify a Question for Appeal ("Appeal Mot.") [Dkt. No. 176].[6]

Under 28 U.S.C. § 1292(b), "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." Then, the court of appeals may either permit the appeal or not. *See* 28 U.S.C. § 1292(b). Each of these requirements—(1) a controlling question of law, (2) substantial grounds for difference of opinion, and (3) materially advancing the termination of the litigation—must be met to certify a question for interlocutory appeal. *See ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022).

Here, the test for interlocutory appeal is not satisfied. First, there is no "controlling question of law" that the plaintiffs have identified that is appropriate to send to the Ninth Circuit

---

[6] The plaintiffs also moved to enter partial judgment under Federal Rule of Civil Procedure 54(b), but they withdrew that motion in their reply brief. *See* Dkt. No. 188 at 1 n.1.

now. The plaintiffs' motion was murky about what legal issue is allegedly at play, it just argued that "the Orders deciding that Apple's infringements were non-willful as a matter of law patently involve a controlling question of law because they materially affect the damages available to Plaintiffs at trial (reduce them by eighty percent) and deprive Plaintiffs of a jury trial on the question of whether Apple's continued sale of the Distributors' sound recordings despite actual knowledge of unrebutted takedown notices covering thousands of tracks was a substantial and unjustified risk of copyright infringement known to Apple." Appeal Mot. 5. But the willfulness determination in the Prior Order was just an application of settled law to these particular facts, not the sort of decision amenable to fast-tracked appellate review. Much of their motion, again, was an attempt to relitigate what occurred at summary judgment.

Perhaps recognizing this, and in response to Apple's argument that they had not identified an issue of law, the plaintiffs pointed to two in their reply brief. *See* Reply ISO Mot. ("Appeal Reply") [Dkt. No. 188]. The first is "[w]hether the Court applied the correct standard for recklessness when it held that as a matter of law, in order to have the requisite reckless state of mind for willfulness, a store owner must actually know or disregard 'an almost certain fact that [the Defendant Distributors'] entire catalogs were infringing.'" *Id.* (citing Prior Order 15). The plaintiffs mischaracterize the Prior Order. The portion the plaintiffs reference was, in context, responding to a particular piece of evidence the plaintiffs introduced to attempt to show willfulness. The plaintiffs' theory depended on it being sufficiently obvious that the Distributor Defendants were serial infringers; in support, they argued that various notices that *specific* works were subject to copyright could show this—the Order therefore discussed the defendants' "entire catalogues." Consequently, that portion of the Order just made the point several times that these individual notices did not overcome the blanket rights representations that Apple required. Fairly read, the Prior Order did not hold or imply that willfulness about an entire catalogue would have any relevance outside of that narrow argument. And the "actually know or disregard" language is just the standard willfulness *mens rea*. *See, e.g.*, *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 944 (9th Cir. 2011).

Second, the plaintiffs' reply brief attempts to create an appeal-worthy legal issue by

arguing that a controlling question of law is "[w]hether the Court erred in its holding that Apple's use of a combination of contractual representations of rights and a notice- and-takedown system is 'fatal' to a claim of willful infringement as a matter of law." Appeal Reply 1. The plaintiffs again mischaracterize the Prior Order in several ways. I did not hold that *a* combination of rights and *a* notice-and-takedown system would always demonstrate a lack of willfulness, I held that *Apple's* contractual guarantees and takedown system did. And, in fact, not even that: I held that Apple's reliance on the representations and its notice-and-takedown system *plus* the enormous number of recordings on the iTunes Store *plus* the potential complexity of the chains of title to compositions did so. And, still more, all I held was that this *met Apple's initial burden at summary judgment*, leaving open the possibility that appropriate evidence could show otherwise. Then I held that the plaintiffs' particular evidence did not negate Apple's.

The plaintiffs have, consequently, not identified any true question of law, just an application of a settled legal standard to particular facts. None of the plaintiffs' cases certified a question on facts like these. *See, e.g.*, *S.E.C. v. Mercury Interactive, LLC.*, No. 5:07-CV-02822-JF, 2011 WL 1335733, at *3 (N.D. Cal. Apr. 7, 2011) (granting leave to appeal after novel construction of statutory provision resulting in dismissal of claim); *ITC Textile, Ltd. v. Wal-Mart Stores, Inc.*, No. 208CV07422FMCJCX, 2009 WL 10671458, at *6 (C.D. Cal. Mar. 31, 2009) (granting leave to appeal copyright claim after dismissing a claim in its entirety on contested interpretation of treaties).

For the reasons explained, the plaintiffs have identified no controlling question of law that warrants expedited appellate review, which could end the analysis. I also note, however, that the plaintiffs have failed to show that there are substantial grounds for a difference of opinion. I have already explained that none of the Ninth Circuit's decisions is in tension with mine—indeed, I continue to conclude that the opposite is true. Nor have the plaintiffs identified any non-binding decision that conflicts with mine. And that makes sense because, again, the Prior Order was an application of settled law to specific facts. To get around this, the plaintiffs attempt to show grounds for a difference of opinion by relying on the oral tentative ruling I gave at the hearing, which was to deny both motions for summary judgment on willfulness and send the issue to a

9

jury. Tentative rulings are, of course, tentative. They are given to focus the parties on particular issues. They are not generally the result of a completed deliberative process that results from fully elaborating legal reasoning. The plaintiffs have not pointed to any case in which certification occurred based on a difference from a tentative to a final opinion. And for good reason.

The motion to certify for interlocutory appeal is DENIED.

### III.  CONSOLIDATION

The plaintiffs previously moved to consolidate these cases for trial and I determined that the issue would be addressed after summary judgment to understand the state of the cases better. *See* Dkt. No. 100. Now that summary judgment has occurred, I conclude that consolidation is warranted. These cases share many "common question[s] of law [and] fact." Fed. R. Civ. P. 42(a). Although Apple opposes consolidation, it does not dispute that this test is met. Its primary concern is that the jury will use evidence from one case to improperly find liability in another. I am confident, however, that the parties and I can craft jury instructions to avoid that outcome and eliminate any prejudice to Apple. Given the heavy overlap between these cases, efficiency and economy gains outweigh Apple's concerns.

**IT IS SO ORDERED.**

Dated: June 2, 2022



William H. Orrick
United States District Judge